**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARIO HERNANDEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2280-SLP** |
| | ) | |
| **KELLI DAVIS,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Mario Hernandez, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). Doc. 1. United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the Petition without prejudice.

## I. Background

Petitioner was convicted in the District Court of Tulsa County, Oklahoma, and sentenced to 20 years' incarceration. Doc. 1 at 1-2. He asserts he is "being held on an immigration charge," and the basis of his Petition is an allegation that the "state of Oklahoma has no jurisdiction for [his] incarceration or custody." *Id.* (citation modified). Petitioner brings the following claims:

- Ground One: He is "an undocumented non-citizen . . . held on an ICE detainer under § 1226 and respondents have not identified a change that requires his removal from detention, thus violating due process of

---

[1] The Court substitutes the proper spelling of Respondent's name.

5th, 6th, and 14th amendments, and misapplications of INA to INS detention," as he "was denied a bond hearing or bond set too high." *Id.* at 6-7 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

- Ground Two: Hs incarceration is unlawful. *Id.* at 7 (citing *Muscogee (Creek) Nation v. City of Henryetta*, 809 F. Supp. 3d 1317 (E.D. Okla. 2025)).

- Ground Three: His rights under the Civil Rights Act of 1866 have been violated. *Id.*

Petitioner does not explain how these claims support his allegation that Oklahoma lacks jurisdiction over him. *Id.* at 6-7. However, Petitioner is currently housed at the James Crabtree Correctional Center, and the Court has recently received multiple, similar § 2241 petitions from inmates at that facility. Those petitions generally argue Oklahoma lacks jurisdiction over the petitioners because they are Indians and Indians are non-citizens, citing *Muscogee (Creek) Nation* and the Civil Rights Act of 1866. The undersigned liberally construes Petitioner's arguments to assert Oklahoma lacks jurisdiction because he is a non-citizen.

## II. Screening

The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") are applicable to habeas petitions brought under § 2241. Habeas Rule 1(b); *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005). Habeas Rule 4 requires the Court to promptly conduct a preliminary review of habeas petitions. A petition should be dismissed "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* (citation modified). Because

Petitioner is proceeding pro se, the Court will "liberally construe his filings" but "will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

**III. <u>Analysis</u>**

A § 2241 petition is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to [28 U.S.C.] § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (internal citation omitted). Here, Petitioner alleges no facts challenging the execution of his sentence.

Instead, Petitioner seeks to challenge his underlying conviction and sentence in Tulsa County, Oklahoma, asserting Oklahoma lacks jurisdiction to incarcerate him because he is a non-citizen. *See generally* Doc. 1. As such, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

Though the undersigned could liberally construe the Petition and recharacterize it as a petition brought under § 2254, he declines to do so. As an initial matter, before converting a claim to a § 2254 petition, a court should notify and warn a litigant of its intent to do so and allow the litigant to withdraw or amend the motion. *Davis v. Roberts*, 425

F.3d 830, 834-35 (10th Cir. 2005); *see also Serrano v. Pettigrew*, No. CIV-21-0651-F, 2021 WL 4785506, at *1 (W.D. Okla. Oct. 13, 2021) (declining to adopt a recommendation to convert a § 2241 petition to one under § 2254, as "the more appropriate course of action is to dismiss the § 2241 petition for lack of jurisdiction because it seeks relief unavailable under § 2241"). Additionally, Petitioner's claims lack merit as none of the sources on which he relies stands for the proposition that a state lacks jurisdiction to prosecute, sentence, or incarcerate a non-citizen.

Further, to the extent Petitioner claims he is being held on an immigration charge, his state court docket shows that on January 2, 2024, he was convicted and sentenced on the charge of shooting with intent to kill.[2] Indeed, it appears that Petitioner seeks deportation to avoid serving his 20-year state sentence, as he requests "immediate release to [the] federal authorities (ICE) for further immigration proceedings in federal immigration court for disposition." *Id.* at 8. Though Petitioner may have an ICE detainer lodged against him, the Oklahoma Department of Corrections will not release any inmate to the United States Immigration and Customs Enforcement if they are still serving a sentence for an offense listed in title 21, § 13.1 of the Oklahoma Statutes. Okla. Stat. tit. 57, § 530.4. Shooting with intent to kill is a listed offense. Okla. Stat. tit. 21, § 13.1. Petitioner has established no grounds for his immediate release to ICE custody.

---

[2] The undersigned takes judicial notice of the docket reports in Case No. CF-2022-2759, in the District Court of Tulsa County. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

In sum, despite purporting to bring his claims under 28 U.S.C. § 2241, Petitioner attempts to challenge his conviction and sentence. Accordingly, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear*, 525 F.3d at 924. Therefore, the Court should dismiss the Petition without prejudice for failure to state a § 2241 claim upon which relief can be granted.

## IV. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Petition, Doc. 1, without prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **September 29, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 8th day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE